**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ryan Keith Pogue,                                          Case No. 26-cv-2115 (JWB/DJF)

               Plaintiff,

v.

                                             **ORDER**

Hennepin County, Minnesota,

               Defendant.

---

This matter is before the Court on Plaintiff Ryan Pogue's *Motion for Limited PACER Fee Exemption and Effective Electronic Access* ("Motion") (ECF No. 21).  Mr. Pogue asks the Court for a limited Public Access to Court Electronic Records ("PACER") fee exemption that would allow him to use PACER remotely to access filings in this litigation.  (ECF Nos. 21, 23.)  He states his PACER account is disabled because he has an outstanding fee balance, and he should be granted a limited fee exemption because he is representing himself, he has limited financial resources, he has a cognitive disability impacting his ability to manage "complex litigation processes," and he has transportation limitations that make repeated trips to the courthouse to access PACER free of charge difficult.  (ECF No. 23 at 2.)

PACER charges user fees to cover the costs of maintaining the service.  *Walker v. Shafer*, No. 16-cv-5121 (JLV), 2018 WL 813420, at *3 (D.S.D. Feb. 9, 2018).  Under the Electronic Public Access Fee Schedule implemented by the U.S. federal courts ("Fee Schedule"), courts may exempt certain persons from these fees.[1]  But exemptions should be "the exception, not the rule."  *Walker*, 2018 WL 813420, at *3.  To grant an exemption, a court must find "that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to

---

[1] *Electronic Public Access Fee Schedule*, U.S. Courts, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last visited Aug. 13, 2026).

promote public access to information." *Id.* (citing Fee Schedule). That a party has been granted leave to proceed *in forma pauperis* is insufficient to establish that his PACER fees should be waived. *See Button v. Breshears*, No. 1:24-cv-03757-MKV, 2025 WL 327926, at *2 (S.D.N.Y. Jan. 29, 2025).

Mr. Pogue has not shown an exemption is necessary to avoid an unreasonable burden. First, he has been participating in this matter since filing his complaint in April 2026, including submitting numerous filings for the Court's consideration. Second, Mr. Pogue has not made any showing that he has been unable to access court filings in this matter. Third, even though his account is disabled, Mr. Pogue has access to one free copy of every electronically filed document in this case and has free access to judicial opinions. *See Moore v. St. Paul Police Dep't*, No. 24-cv-0789 (PJS/JFD), 2024 WL 1557772, at *2 (D. Minn. Apr. 10, 2024) ("[H]olders of PACER accounts that are disabled for past due bills are still able to have 'one free look' at documents filed in cases in which they are a party."); *Rouzard v. U-Haul Int'l, Inc.*, No. 6:24-cv-2233-CEM-DCI, 2025 WL 1918903, at *1 (M.D. Fla. July 10, 2025); *Electronic Public Access Fee Schedule*, *supra* note 1. Finally, the Court provides a public access terminal that Mr. Pogue can use free of charge on occasions when he can travel to the courthouse. For all these reasons, the Court denies Mr. Pogue's request for a limited PACER fee waiver.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff Ryan Pogue's request for a PACER fee waiver as stated in his *Motion for Limited PACER Fee Exemption and Effective Electronic Access* (ECF No. 21) is **DENIED.**

Dated: August 13, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge